(No. 80-CC-1266—

R. H.. Bishop & Co., Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed March 1, 1982.*

Busch, Harrington & Porter (Kip R. Pope, of counsel), for Claimant.

Tyrone C. Fahner, Attorney General (Sue M. Mueller and William E. Webber, Assistant Attorneys General, of counsel), for Respondent.

Roe, C. J.

This. claim arises from certain work performed by the Claimant, R. H. Bishop and Company, in the building of the centralized computer facility being a State project through the Capital Development Board.

The Claimant submitted a bid on the heating portion of the premises, and also on the ventilation and air conditioning portion of the contract. The Claimant was awarded the ventilation and air conditioning contract, but was not a successful bidder on the heating contract.

During the course of construction, a dispute arose over installation of certain exhaust stacks from the emergency generators located in the building. It is the Claimant's contention that the insulation of these stacks was the responsibility of the heating contractor rather than under his specifications on the ventilation and air conditioning contract.

It is the State's position, and that of the Capital

Development Board, that Claimant was to furnish this insulation which was done, and for which Claimant claims an additional $14,026.00. Mr. Charles L. Amancher testified that he was a mechanical engineer and prepared Claimant's bids, and had been active in doing that type of work for over 20 years.

It is our opinion, after lengthy testimony, that the issue centers on an interpretation of the specifications contained in those furnished to Claimant under section 1.2 and subsections B and C. It may be seen under subsections B and C that the contractor has an option, which was acknowledged in the testimony. The contractor may either have these stacks made by an independent factory or may fabricate them itself under par. C. The only specific reference to insulation is in par. C-1, which gives the specifications as to how they are to be constructed "before application of insulation." We note, however, in section B, subsection 3 that "Overall heat transfer coefficient shall be not greater than 0.35 BTU per hour/sq.ft./degree F. at 1000 degrees F. gas temperature."

It is our opinion that the reasonable interpretation of these two sections is that the person responsible for the ventilation and air conditioning installation is to provide these stacks with insulation. The plain meaning of section B-3 to an engineer would be that insulation is required to conform to that specification of heat transfer coefficient.

It is further shown that the Claimant did have an item for insulation contained in his bid for approximately $2,000.00, and Claimant submitted no evidence to show whether this item was included in the heating contractor's bid. Moreover, because this Court does not have equitable jurisdiction, an action for *quantum meruit* cannot succeed.

It is our opinion, therefore, that the specifications were sufficiently clear and that the contractor should be bound by his original bid. Accordingly, the claim is denied.